UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CUCCO,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and
ALLY FINANCIAL, INC.,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, ANGELA CUCCO, by and through her counsel, and for her Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which gave rise to this action occurred in Lathrup Village, Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Lathrup Village, Michigan.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of Michigan;

   b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Michigan;

   c. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Michigan; and

   d. Ally Financial, Inc. ("Ally") is a foreign corporation that conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

7. Ally's tradeline ("Errant Tradeline") is reporting in Plaintiff's credit files with Equifax, Experian and Trans Union (collectively, "the CRAs") with an inaccurate charge off status, and incorrect remark of "paid charge off" and incorrect reportings of late payments.

8. On or about February 26, 2025, Plaintiff obtained her credit disclosures from the CRAs and noticed the Errant Tradeline reporting with the aforementioned erroneous information.

9. On or about April 22, 2025, Plaintiff sent separate letters to the CRAs disputing the Errant Tradeline.

10. In the dispute letters, Plaintiff explained that the Errant Tradeline was incorrect as she paid the account in full. Plaintiff enclosed a copy of a letter from Ally verifying the same. Plaintiff requested that the erroneous information in the Errant Tradeline be corrected.

11. Each of the CRAs received the dispute letters from Plaintiff.

12. Each of the CRAs forwarded Plaintiff's dispute letters to Ally.

13. Ally received Plaintiff's dispute letters from each of the CRAs.

14. On or about June 11, 2025 after not receiving dispute results from the CRAs, Plaintiff obtained her credit disclosures from the CRAs, which showed that Ally and the CRAs failed or refused to correct the erroneous information in the Errant Tradeline.

15. On or about June 23, 2025, Plaintiff sent another round of dispute letters to the CRAs disputing the Errant Tradeline.

16. In these dispute letters, Plaintiff explained that the Errant Tradeline contained an inaccurate charge off status, an inaccurate remark of "paid charge off" and inaccurate reports of late payments. Plaintiff further explained that she was charged an inaccurate fee and disputed the error directly with Ally, who ultimately agreed that Plaintiff fulfilled the terms of her lease agreement. Plaintiff again

enclosed a copy of a letter from Ally verifying the same. Plaintiff again requested that the erroneous information in the Errant Tradeline be corrected.

17. On or about August 14, 2025 after not receiving dispute results from the CRAs, Plaintiff obtained her credit disclosures from the CRAs, which showed that Ally and the CRAs again failed or refused to correct the erroneous information in the Errant Tradeline.

18. The Errant Tradeline is false and misleading. It is also driving Plaintiff's credit score down making it harder for her to obtain jobs, housing, and meet living expenses.

19. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has experienced undue stress, anxiety, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in her credit file and her inability to improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. The Errant Tradeline has diminished Plaintiff's creditworthiness and credit scores. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to remove the Errant Tradeline.

**COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY**

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed of Plaintiff's disputes of the Errant Tradeline, Ally negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22. Ally negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the CRAs to delete the Errant Tradeline.

23. The Errant Tradeline is inaccurate and creates a misleading impression in Plaintiff's credit files to which it is reporting such tradeline.

24. As a direct and proximate cause of Ally's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

25. Ally is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against Ally arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Court grants her a judgment against Ally for damages, costs, interest, and attorneys' fees.

**COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT**

## REPORTING ACT BY ALLY

27.   Plaintiff re-alleges the above paragraphs as if recited verbatim.

28.   After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Ally willfully failed to conduct a proper reinvestigation of Plaintiff's dispute and willfully failed to direct the CRAs to delete the Errant Tradeline.

29.   Ally willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

30.   As a direct and proximate cause of Ally's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

31.   Ally is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants her a judgment against Ally for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff re-alleges the above paragraphs as if recited verbatim.

33. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's consumer dispute of the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's consumer dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff re-alleges the above paragraphs as if recited verbatim.

47. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

9

50. After receiving Plaintiff's consumer dispute of the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

51. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

52. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

57. After receiving Plaintiff's consumer dispute of the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

58. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

59. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

60. Plaintiff re-alleges the above paragraphs as if recited verbatim.

61. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

62. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

63. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

64. After receiving Plaintiff's consumer dispute of the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

65. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

66. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

69. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

70. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

71. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

72. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

73. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: September 29, 2025

/s/ Carl Schwartz
CARL SCHWARTZ P70335
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
801 W. Ann Arbor Trail, Suite 230
Plymouth, MI 48170
Phone: (248) 353-2882
Fax: (248) 353-4840
Email: carl@crlam.com