UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CUCCO,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,
    Defendants.

Case No. 25-cv-13053
Hon. Laurie J. Michelson
Mag. David R. Grand

_____

## PLAINTIFF'S RESPONSE TO EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS AND TRANS UNION LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES the Plaintiff, ANGELA CUCCO, by and through her counsel, and responds to Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC's ("Trans Union") Motion for Judgment on the Pleadings as follows:

### INTRODUCTION

This lawsuit arises from Defendants' refusals and/or failures to remove false information from the Ally Financing, Inc. ("Ally") tradeline ("Errant Tradeline") in Plaintiff's credit files, in violation of the Fair Credit Reporting Act ("FCRA"). Equifax, Experian and Trans Union (collectively, "the CRAs") move to dismiss Plaintiff's claims primarily on two arguments: (1) Plaintiff failed to state a factual inaccuracy in the Errant Tradeline and (2) Plaintiff is using the FCRA to collaterally attack the underlying debt.

The CRAs are wrong on both fronts.  Plaintiff clearly pled three factual inaccuracies in the Errant Tradeline.  (Doc #1, ¶ 7.)  Also, Plaintiff is not collaterally attacking the underlying debt.  Rather, Plaintiff is trying (and has tried) to get her credit reporting corrected, because the Errant Tradeline has damaged her credit and has damaged her.  Accordingly, Plaintiff requests this Court to deny the CRAs' motion for judgment on the pleadings.

## STATEMENT OF FACTS

On or about February 26, 2025, Plaintiff obtained her credit disclosures from the CRAs and noticed the Errant Tradeline reporting with an inaccurate charge off status, an incorrect remark of "paid charge off" and incorrect reportings of late payments.  (Doc #1, ¶¶ 7, 8.)  On or about April 22, 2025, Plaintiff sent separate letters to the CRAs disputing the Errant Tradeline.  (Doc #1, ¶ 9.)  In the dispute letters, Plaintiff explained that the Errant Tradeline was incorrect as she paid the account in full.  (Doc #1, ¶ 10.)  Plaintiff enclosed a copy of a letter from Ally verifying the same.  (Doc #1, ¶ 10.)  Plaintiff requested that the erroneous information in the Errant Tradeline be corrected.  (Doc #1, ¶ 10.) Each of the CRAs received the dispute letters from Plaintiff.  (Doc #1, ¶ 11.)  On or about June 11, 2025 after not receiving dispute results from the CRAs, Plaintiff obtained her credit disclosures from the CRAs, which showed that the CRAs failed or refused to correct the erroneous information in the Errant Tradeline.  (Doc #1, ¶ 14.)

On or about June 23, 2025, Plaintiff sent another round of dispute letters to the CRAs disputing the Errant Tradeline.  (Doc #1, ¶ 15.)  In these dispute letters, Plaintiff explained that the Errant Tradeline contained an inaccurate charge off status, an inaccurate remark of "paid charge off" and inaccurate reports of late payments.  (Doc #1, ¶ 16.)  Plaintiff further explained that she was charged an inaccurate fee and disputed the error directly with Ally, who ultimately agreed that Plaintiff fulfilled the terms of her lease agreement.  (Doc #1, ¶ 16.)  Plaintiff again enclosed a copy of a letter from Ally verifying the same.  (Doc #1, ¶ 16.)  Plaintiff again requested that the erroneous information in the Errant Tradeline be corrected. (Doc #1, ¶ 16.)  On or about August 14, 2025 after not receiving dispute results from the CRAs, Plaintiff obtained her credit disclosures from the CRAs, which showed that the CRAs again failed or refused to correct the erroneous information in the Errant Tradeline.  (Doc #1, ¶ 17.)

Each of the CRAs failed to conduct a reasonable investigation of Plaintiff's dispute.  (Doc #1, ¶¶ 36, 43, 50, 57, 64, 71.)  Each of the CRAs prepared and published consumer reports regarding Plaintiff.  (Doc #1, ¶¶ 33, 40, 47, 54, 61, 68.) Those reports contained false, misleading, and inaccurate information about Plaintiff; namely, the three types of inaccuracies that Plaintiff disputed.  (Doc #1, ¶¶ 18, 34, 41, 48, 55, 62, 69.)  Each of the CRAs failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it

reported about Plaintiff to one or more third parties.  (Doc #1, ¶¶ 35, 42, 49, 56, 63, 70.)

As a direct and proximate cause of the CRAs' failures to comply with the FCRA, Plaintiff has suffered credit and emotional damages.  (Doc #1, ¶ 19.)  Plaintiff has also experienced undue stress and anxiety due to the CRAs' failures to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of Equifax's violations of the FCRA.  (Doc #1, ¶ 19.)  Moreover, Plaintiff has suffered stress, anxiety, frustration and other forms of emotional distress as a result of the CRAs' violations of the FCRA.  (Doc #1, ¶¶ 37, 44, 51, 58, 65, 72.)  Plaintiff also suffered physical harms, including loss of sleep and stress headaches.  (Doc #1, ¶¶ 37, 44, 51, 58, 65, 72.)

## STANDARD OF REVIEW

"A Rule 12(c) motion is subject to the same standard of review as a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)."  *Mike Spot, LLC v. GPM Empire, LLC*, No. 23-cv-11603, 2025 U.S. Dist. LEXIS 49529, at *2 (E.D. Mich. Mar. 18, 2025).

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 663 (2009), quoting *Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. 663. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*., at 664.

## ARGUMENT

### 1.   Plaintiff pled prima facie claims against the CRAs

As with any other disputed information by a consumer, the CRAs were required by 15 U.S.C. § 1681i to conduct a reasonable investigation of Plaintiff's dispute of the inaccurate information in the Errant Tradeline. Moreover, the CRAs were required by 15 U.S.C. § 1681e(b) to maintain reasonable procedures designed to assure maximum possible accuracy of the information it reported about Plaintiff. By failing to properly investigate Plaintiff's disputes and remove the inaccurate information, and by continuing to publish consumer reports to third parties with the inaccurate information, each of the CRAs violated 15 U.S.C. §§ 1681e(b) and 1681i of the FCRA.

"[T]o state a claim under § 1681e(b) a plaintiff must show '(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured;

5

and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.'" *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020).

To show an inaccuracy, "a plaintiff can show that the information provided is false or that it contains a material omission or creates a materially misleading impression." *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 630 (6th Cir. 2018). "In other words, a consumer can demonstrate an inaccuracy where a report was materially misleading or incomplete, even if it was technically accurate." *Bailey v. Experian Info. Solutions, Inc.*, 115 F.4th 528, 536 (6th Cir. 2024). "Because the FCRA is designed to promote accuracy, 'false impressions can be just as damaging as false information.'" *Id.* at 537 (citation omitted).

With respect to Plaintiff's claim under Section 1681i, "[i]f a consumer notifies a reporting agency that any item of information on the consumer's file is disputed, the Fair Credit Reporting Act requires that the reporting agency conduct a reasonable investigation within 30 days." *Fried v. Experian Info. Solutions, Inc.*, No. 14-cv-12865, 2015 U.S. Dist. LEXIS 126383, at *3 (E.D. Mich. Sep. 22, 2015). "The term 'investigation' itself denotes a 'fairly searching inquiry,' or at least something more than a merely cursory review." *Bailey*, 114 F.4th at 539, citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012). "This is especially true where the CRA relies on an automated verification process with the furnisher." *Id.*

6

Plaintiff alleged that she sent letters to the CRAs disputing the inaccurate information in the Errant Tradeline.  (Doc #1, ¶¶ 9-11, 15-16.)  After receiving Plaintiff's dispute letters, each of the CRAs was required to conduct a reasonable investigation of Plaintiff's dispute.  15 U.S.C. § 1681i(a).  Plaintiff alleges that each of the CRAs failed to conduct a reasonable investigation of Plaintiff's dispute and failed to correct the Errant Tradeline.  (Doc #1, ¶¶ 36, 43, 50, 57, 64, 71.)  Plaintiff further alleges that each of the CRAs prepared false, misleading, and inaccurate consumer reports to third parties and failed to maintain reasonable procedures designed to assure maximum possible accuracy of the information it reported about Plaintiff.  (Doc #1, ¶¶ 33-35, 40-42, 47-49, 54-56, 61-63, 68-70.)  Thus, Plaintiff alleged prima facie claims against each of the CRAs for violating 15 U.S.C. §§ 1681e(b) and 1681i of the FCRA.

**2.      Plaintiff pled factual inaccuracies in the Errant Tradeline**

Nonetheless, the CRAs argue that "Plaintiff fails to state a *factual* inaccuracy, which is required by the FCRA in order for there to be liability under sections 1681e(b) and 1681i(a)."  (Doc #36, PageID 222, italics in original.)  The CRAs further argue that "[c]ourts have consistently held that a reasonable reinvestigation does not require CRAs to resolve legal disputes about the validity of the underlying debts they report."  (Doc #36, PageID 224.)

Contrary to the CRAs' argument, Plaintiff alleged three factual inaccuracies: (1) an inaccurate charge off status; (2) an incorrect remark of "paid charge off;" and (3) incorrect reportings of late payments. (Doc #1, ¶ 7.) Plaintiff did not request the CRAs to resolve any legal dispute between Plaintiff and Ally. For example, determining whether the underlying debt was (or was not) charged off does not require the CRAs to resolve a legal dispute about the validity of the underlying debt. That is a factual dispute, not a legal dispute. Similarly, determining whether the remark "paid charge off" is accurate does not require the CRAs to resolve a legal dispute about the validity of the underlying debt. Finally, determining the accuracy of reportings of late payments by Plaintiff also is a factual dispute.

The CRAs argument that Plaintiff's disputes required it to resolve a legal dispute between Plaintiff and Ally lacks merit. Accordingly, Plaintiff requests this Court to deny the CRAs' motion.

### 3. Plaintiff's claims are based on Defendants' violations of the FCRA

The CRAs also argue that "Plaintiff uses the FCRA to collaterally attack the legal validity of a debt which is expressly prohibited by the court." (Doc #36, PageID 222.)

As discussed above, Plaintiff is not collaterally attacking the legal validity of the underlying debt. To the contrary, Plaintiff clearly alleged inaccuracies of the

references to a charge off and the reportings of late payments – not the underlying debt itself.  (Doc #1, ¶ 7.)

The CRAs further argue that "[b]ecause Plaintiff predicated her theory of inaccuracy on a lease agreement, Plaintiff's FCRA claims against the CRA Defendants must fail . . . ."  (Doc #36, PageID 225.)  The simple fact that Plaintiff had a lease agreement with Ally does not mean that Plaintiff's dispute required the CRAs to resolve a legal dispute between Plaintiff and Ally.  If that were true, then **every** dispute by a consumer could be ignored by CRAs, because every tradeline necessarily results from an agreement between a consumer and a creditor.  The nature of the consumer's dispute, not the mere existence of a credit agreement, is what determines whether a CRA must resolve a legal dispute or a factual dispute.  In this case, Plaintiff made factual disputes about her debt being charged off and having made late payments to Ally.  Similarly, the mere existence of a lease agreement between Plaintiff and Ally does not mean that Plaintiff is trying to collaterally attack the underlying debt.  Plaintiff just wanted the inaccurate reporting removed from the Errant Tradeline.

Therefore, Plaintiff requests this Court to deny the CRAs' motion for judgment on the pleadings.

9

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to deny the CRAs'

motion for judgment on the pleadings.

Respectfully submitted,

Dated: June 1, 2026          /s/ Carl Schwartz
CARL SCHWARTZ P70335
CONSUMER DISPUTE LAWYERS
Attorneys for Plaintiff
27600 Farmington Road, Suite 108
Farmington Hills, MI 48334
Phone: (855) 472-0080
Fax: (248) 850-3990
Email: carl@dontpayfraud.com

## Proof of Service

I, Carl Schwartz, hereby state that on June 1, 2026, I served a copy of the foregoing document upon all parties and counsel as their addresses appear of record via the Court's CM/ECF system.

/s/ Carl Schwartz

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CUCCO,
     Plaintiff,

                                      Case No. 25-cv-13053
v.                                  Hon. Laurie J. Michelson
                                      Mag. David R. Grand

EQUIFAX INFORMATION SERVICES, LLC, et al.,
     Defendants.
_____

## BRIEF FORMAT CERTIFICATION FORM

I, Carl Schwartz, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

                                      /s/ Carl Schwartz
                                      Dated: June 1, 2026

11