**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN (DETROIT)**

_____

ANGELA CUCCO,
     Plaintiff,

CASE NO.  2:25-cv-13053-LJM-DRG

    vs.

Judge Laurie J. Michelson
Magistrate Judge David R. Grand

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
and ALLY FINANCIAL, INC.;
     Defendants.

_____

**EXPERIAN INFORMATION SOLUTIONS, INC/ AND TRANS UNION**
**LLC'S REPLY IN SUPPORT OF THEIR**
**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

_____

Defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively the "CRA Defendants"), by counsel, hereby submit their Reply in Support of Their Motion for Judgment on the Pleadings.

The Motion For Judgment On The Pleading (the "Motion") should be granted because Plaintiff fails to state a prima facie claim that the CRA Defendants violated the FCRA, and because:

A.    Plaintiff's disagreement with the CRA Defendants' reinvestigation results when made with documents contradicting Plaintiff's dispute is insufficient to state a claim for relief;

B.     The documentary evidence provided by Plaintiff contradicts her claims that inaccuracies exist; and

C.     Plaintiff mischaracterizes the scope of her claims in an attempt to manufacture meritless claims against the CRA Defendants.

## I.  ARGUMENT

**A. Plaintiff's Disagreement With The CRA Defendants' Reinvestigation Results When Made With Documents Contradicting Plaintiff's Dispute Is Insufficient To State A Claim For Relief.**

Plaintiff's Response does not identify any particular facts that cast any doubt as to the CRA Defendants procedures or reinvestigation. Plaintiff correctly highlights the elements required to state a claim under § 1681e(b) (reasonable procedures) and § 1681i (reasonable reinvestigation). However, Plaintiff fails to articulate why she is alleging the CRA Defendants failed to follow reasonable procedures and/ or follow reasonable reinvestigation. A "showing that information in a credit report is inaccurate" is a prima facie element to sustain an FCRA claim. *Cohen v. Trans Union*, 67 Fed. Appx. 325, 327 (6th Cir. 2003) (citing *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996)); *see also Dickens v. Trans Union, Corp.*, 18 Fed. Appx. 315, 317-18 (6th Cir. 2001); *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941-42 (6th Cir. 2020); *Elsady v. Rapid Global Business Solutions, Inc.*, No. 09-11659, 2010 WL 2740154, at *6 (E.D. Mich. July 12, 2010) ("[A] plaintiff has failed to carry his initial burden if a court finds that the information contained in a challenged credit

report was accurate on its face, or put somewhat differently, 'technically accurate'. That is, a credit reporting agency satisfies its duty under section 607(b) if it produces a report that contains factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect.") (quoting *Dickens*, at 318)); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996); *Holland v. Trans Union, LLC*, 574 F. Supp. 3d 292, 297 (E.D. Pa. Dec. 7, 2021) ("[t]o state a viable claim under the FCRA, [plaintiff] must establish that the information in his credit report was inaccurate"); *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (holding plaintiff failed to state FCRA claim when she had not "identified the accounts at issue" or "described the allegedly false and misleading information that appears in the accounts").

Moreover, as Plaintiff correctly notes, in order to state a claim under § 1681e(b), the Plaintiff must first show that the CRA Defendants reported inaccurate information. Here, no inaccuracy exists. In her disputes to the CRA Defendants, Plaintiff claims that her Ally Financial account was reporting a balance, and that she believes this information is incorrect as she has paid the account in full. Along with her dispute, Plaintiff attaches a letter that directly contradicts her dispute to the CRA Defendants. The letter Plaintiff attached to her dispute from Ally Financial, makes no indication that the account was "paid in full," in fact, the letter states that "[o]ur investigation determined we accurately and completely furnished information about our credit

experience with you. As such, we will not change the information furnished." *See* **Exhibit 1,** as referenced in Plaintiff's Complaint and thus properly considered in connection with this Motion.

Plaintiff's "supporting evidence" contradict her claims that the account was reporting inaccurately. The evidence also highlights the legal issue between Ally and Plaintiff regarding the correct amount she owes based on her lease obligation with Ally. Despite the clear contradictory evidence, the CRA Defendants conducted a reinvestigation, in which Ally Financial, as they had already stated in their letter to Plaintiff, verified the account reporting as accurate. The fact that Plaintiff disagrees with the results of the reinvestigation does not render the information inaccurate. Further, the fact that Plaintiff disagrees with her lease obligations as to Ally does not place the burden on the CRA Defendants to sort out the terms and validity of the agreement Plaintiff entered into with Ally. The Motion to Dismiss should be granted.

### B. The Documentary Evidence Provided By Plaintiff Contradicts Her Claims That Inaccuracies Exist.

Plaintiff alleges that she pled "factual inaccuracies in the Errant tradeline" [Dkt. 39 at p. 7]. Plaintiff's claims that she alleged three factual inaccuracies "inaccurate charge off status, incorrect remark of 'paid charge off' and incorrect reporting of late payments." *Id*. at 8. While those inaccuracies, in a vacuum, may be considered as "factual," looking at Plaintiff's claim as a whole, the alleged inaccuracies directly

relate to her lease agreement with Ally and whether she satisfied her obligation under said agreement.

As stated above, the letter from Ally Financial directly contradicts Plaintiff's claim that her account is reporting inaccurately. In fact, the letter from Ally Financial clearly highlights Plaintiff's lease obligations and explains why she is still responsible for additional payment under her lease. Plaintiff's subjective belief that she is not responsible for additional payment to Ally is a legal dispute between her and Ally based on the lease agreement signed by the parties and the CRA Defendants are not in a position to interpret said lease agreement.

### C. Plaintiff Mischaracterizes The Scope Of Her Claims In An Attempt To Manufacture Meritless Claims Against The CRA Defendants.

Plaintiff argues that her claims are based on Defendants' violations of the FCRA. Plaintiff, in her dispute, clearly put the lease agreement between her and Ally at issue when she claimed that although Ally is claiming that she still owes money under the lease agreement (evident by the letter Plaintiff provided), that she paid the account in full. Plaintiff claims that she "just wanted the inaccurate reporting removed from the Errant Tradeline." [Dkt. 39 at p. 9] However, that could not be possible if Plaintiff failed to meet her obligations under the lease agreement.

Moreover, Plaintiff claims that "the mere existence of a lease agreement between Plaintiff and Ally does not mean that Plaintiff is trying to collaterally attack the underlying debt." *Id*. The CRA Defendants are not making such claim. In fact, the

CRA Defendants are aware that almost all credit reportings are a result of some type of contractual agreement between a furnisher and a consumer. However, in this case, Plaintiff is claiming that the reporting is inaccurate because she met her obligation under the lease agreement with Ally, while at the same time, providing a letter from Ally highlighting her remaining lease obligations and explaining why said obligations were not met. Plaintiff provided no alternative allegations that the reporting is factually inaccurate, instead simply asserting that she satisfied her lease obligations with Ally, which rendered the account paid in full.  Plaintiff is clearly attacking the validity of the charges Ally accessed under the lease terms, which does not form the basis of an FCRA claim against the CRA Defendants.  The Motion to Dismiss should be granted.

## II.  CONCLUSION

For all the foregoing reasons, the CRA Defendants respectfully requests that the Court grant the Motion, dismiss Plaintiff's Complaint against the CRA Defendants in its entirety, with prejudice, and award the CRA Defendants its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,


/s/William M. Huse
William M. Huse, Esq. (IN# 31622-49)
Nermy J. Winner, Esq. (IN# 35891-49)
Myra D. Feagin, Esq. (#P84446)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600,Ext 603/605/607
Fax: (317) 899-9348
E-Mail: whuse@qslwm.com
E-Mail: nermy.winner@qslwm.com
E-Mail: mfeagin@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*


/s/ Lauren E. Lacey
Lauren E. Lacey
Troutman Pepper Locke LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
202-274-2950
Lauren.Lacey@troutman.com

**Counsel for Defendant Experian
Information Solutions, Inc.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN (DETROIT)**

_____

ANGELA CUCCO,                                    CASE NO.  2:25-cv-13053-LJM-DRG
    Plaintiff,

    vs.                                          Judge Laurie J. Michelson
                                                 Magistrate Judge David R. Grand

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
and ALLY FINANCIAL, INC.;
    Defendants.

_____

**CERTIFICATE OF SERVICE**

_____

I, **William M. Huse,** hereby certify that on the **15ᵗʰ day of June, 2026**, I electronically filed the foregoing with the Clerk of the Court using the ECF systems which will automatically send notification of such filing to the following counsel of record:

| | |
|---|---|
| Carl Schwartz, Esq.<br>carl@crlam.com | Ethan Ostroff, Esq.<br>Ethan.ostroff@troutman.com |
| Mark D. Kundmueller, Esq.<br>Mark.kundmueller@troutman.com | Kelly E. Kane, Esq.<br>Kelly.kane@troutman.com |
| Jordan S. Bolton, Esq.<br>jbolton@taftlaw.com | Lauren E. Lacey, Esq.<br>Lauren.lacey@troutman.com |
| Heather H Sharp, Esq.<br>hsharp@seyfarth.com | |

I further certify that on the **15ᵗʰ day of June, 2026**, a copy of the foregoing was sent via U.S., First Class Mail, postage prepaid to the following non-ECF participants:

| | |
|---|---|
| None. | |

/s/William M. Huse
William M. Huse, Esq. (IN# 31622-49)
Nermy J. Winner, Esq. (IN# 35891-49)
Myra D. Feagin, Esq. (#P84446)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603, 605, 607
Fax: (317) 899-9348
E-Mail: whuse@qslwm.com
E-Mail: nermy.winner@qslwm.com
E-Mail: mfeagin@qslwm.com

*Counsel for Defendant Trans Union LLC*